UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

NATALIE DEJESUS,

Plaintiff,

-against-

EQUIFAX INFORMATION SERVICES, LLC,

Defendant.

------------------------------------x

**MEMORANDUM & ORDER**
26-CV-84 (EK)(RML)

ERIC KOMITEE, United States District Judge:

Natalie DeJesus brings this action against Equifax Information Services, LLC, a consumer credit reporting agency, pursuant to the Fair Credit Reporting Act. Her complaint is eighty-nine pages and contains seventeen counts. It is neither "short" nor "plain" as required by Federal Rule of Civil Procedure 8. Accordingly, and for the reasons set forth below, the complaint is dismissed without prejudice.

## I. Background

DeJesus, proceeding *pro se*, asserts various violations of the Fair Credit Reporting Act ("FCRA"). She alleges that "Equifax repeatedly generated contradictory outcomes, withheld required information, and initiated dispute-coded and fraud-coded activity Plaintiff did not authorize creating instability in Plaintiff's file and depriving Plaintiff of the ability to

understand or control what Equifax was doing in Plaintiff's name." Am. Compl. 5, ECF No. 4.

The complaint is long and difficult to follow. Given that, the Court ordered DeJesus to show cause why the complaint should not be dismissed without prejudice "for failure to comply with Federal Rule of Civil Procedure 8's requirement that a complaint be 'short and plain.'" June 15 O.S.C. DeJesus declined to amend her complaint. Citing *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988), she reasoned that the complaint was not so "confused, vague, ambiguous, or unintelligible" as to warrant dismissal. *See* Pl's Resp. to June 15 O.S.C., ECF No. 23.[1]

## II. Legal Standard

A Court may *sua sponte* dismiss a complaint for failure to comply with Rule 8. *See Salahuddin*, 861 F.2d at 42. "[T]he basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike." *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019). Dismissal is proper when the "complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin*, 861 F.2d at 42. The ultimate touchstone is whether the defendant

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

has "fair notice" of the claims against him. *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004).

**III. Discussion**

The complaint does not give fair notice to Equifax. It is so long, repetitive, jumbled, and full of confusing cross-references that Equifax Information Services, LLC ("Equifax") cannot — and should not — reasonably be expected to respond intelligently.

Four features of the complaint make this especially so. *One*, all seventeen counts include a provision that "[p]laintiff realleges and incorporates by reference only those preceding paragraphs that are relevant to this Count and its elements." *See generally* Am. Compl. By Count XVII, Equifax is forced to mine the entire eighty-nine-page complaint and infer which paragraphs DeJesus thought to be relevant to which Count. *See Keith v. DeKalb Cnty.*, 749 F.3d 1034, 1045 n.39 (11th Cir. 2014) ("The complaint, through its incorporation into successive counts all preceding allegations and counts, is a quintessential 'shotgun' pleading . . . [which] we have been roundly condemning for 30 years.").

*Two*, compounding the first problem, the complaint is exceptionally long and contains unnecessary details such that its true substance is "well disguised." *Shomo v. State of N.Y.*, 374 F. App'x 180, 182 (2d Cir. 2010). The Circuit has often

affirmed dismissal of equally long complaints. *See, e.g.*, *Does v. Adams*, No. 24-3064, 2026 WL 1255967 (2d Cir. May 7, 2026) (102 pages); *Celli v. Cole*, 699 F. App'x 88, 89 (2d Cir. 2017) (ninety-five pages). And the complaints that the Circuit has allowed despite "a great deal of irrelevant detail" have been far shorter. *See, e.g.*, *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005) (ten pages).

*Three*, the complaint is highly repetitive. For instance, the complaint repeatedly provides slight variations of a list of harms allegedly suffered by DeJesus in some detail at least four separate times across the preliminary statement, standing section, damages section, and prayer for relief. Am. Compl. 4-7, 7-9, 21-24, 81-83. And each Count contains a detailed "Count-Specific Allegations" section that largely repeats the exposition in the "Factual Background" section. Courts in the Second Circuit routinely dismiss cases in which the complaint contains "confusing and repetitive assertions." *See El Bey v. Crocilla*, No. 20-CV-524, 2022 WL 17324972, at *3 (S.D.N.Y. Nov. 29, 2022) (collecting cases).

*Four*, several sections of the complaint read like a memorandum of law, not a complaint. "[I]t is generally inappropriate to include a legal argument within a complaint." *Jennings v. Hunt Companies, Inc.*, 367 F. Supp. 3d 66, 71 (S.D.N.Y. 2019). For example, pages eighty-five through eighty-

eight contain what amounts to a litigation hold letter directing Equifax to preserve certain documents. That letter is not a "statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. Pro. 8(a)(2).

For these reasons, and because DeJesus previously declined to amend, the complaint is dismissed without prejudice. DeJesus may amend this complaint to meet basic pleading requirements. As DeJesus drafts her next complaint, she should keep in mind that "[t]he purpose of the complaint is not to argue or prove the case, but to say just the bare minimum necessary to state a claim." *Celli v. New York City Dep't of Educ.*, No. 15-CV-3679, ECF No. 37 (E.D.N.Y. Oct. 23, 2016). This should be a straightforward case to allege. DeJesus believes that Equifax improperly handled her consumer file. The new complaint should begin with a short facts section. Each count should identify the FCRA provision DeJesus sues under and *briefly* identify the specific allegations giving rise to liability.

**IV. Conclusion**

The complaint is dismissed without prejudice for failure to comply with Rule 8. If DeJesus wishes to file a "short" and "plain" second amended complaint, she may do so within twenty-eight days. She is advised that any amended complaint will completely replace the operative complaint, that

it must be captioned "Second Amended Complaint," and that it must bear the same docket number as this order: 26-CV-84 (EK)(RML). If she declines to amend, the Court will direct the Clerk of Court to enter judgment and close the case. The Clerk of Court is respectfully directed to mail a copy of this order to DeJesus and to note the filing on the docket.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated: August 20, 2026
Brooklyn, New York